# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| THE CADLE COMPANY II, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-CV-64 SNLJ |
| | ) | |
| RAYMOND N. HUBBARD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This fraudulent conveyance action was filed on April 20, 2011 by plaintiff against Raymond N. Hubbard, Holly G. Hubbard, Carol B. Hubbard, Ellis L. Cassidy, Keith A. Cassidy, and Clayton T. Cassidy. Defendant Carol B. Hubbard has moved to dismiss for insufficient service of process (#4). Plaintiff moved to strike certain pleadings, including the motion to dismiss and the answer of defendants Raymond and Holly Hubbard, and also for a default judgment against all defendants (#6). Defendants Raymond, Holly, and Carol Hubbard have responded (#7, #15). The Court will address these motions as to each group of defendants in turn.

I.     **The Cassidy Defendants**

Defendants Ellis, Keith, and Clayton Cassidy ("the Cassidy Defendants") were served with process on May 11, 2011. Their responsive pleadings were due on June 1, 2011 — 21 days after service — as required by Federal Rule of Civil Procedure 12(a)(1)(A)(1). The Cassidy defendants have sent letters to the Court that did not suffice as responsive pleadings, and they were stricken (#17, #22). As a result, those defendants are presently in default, but the plaintiff

must obtain a Order of Default from the Clerk as to the Cassidy Defendants before a default judgment may be entered.

## II. The Hubbard Defendants

The Hubbard Defendants consist of Raymond and Holly Hubbard, and their daughter Carol Hubbard.

### A. Carol Hubbard

Plaintiff attempted to serve Carol Hubbard at the home of her parents. Carol Hubbard moved to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) because she no longer lives at her parents' home and thus she was improperly served.

On July 1, plaintiff filed a Notice of Process Server seeking for issuance of a summons directed to Carol Hubbard at her North Dakota address. Plaintiff is still within the 120-day time limit for service prescribed by Rule 4(m).

### B. Raymond and Holly Hubbard

Plaintiff maintains that Raymond and Holly Hubbard were served with process on May 11, 2011, and that their responsive pleadings were due on June 1, 2011 pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(1). Raymond and Holly Hubbard have filed affidavits averring that they were not served with process until May 16, and thus their June 3 answer was timely filed. Plaintiff responds that its process server's sworn statement indicates the Hubbards were served on May 11 (#11, #13).

Notably, Raymond and Holly Hubbard filed a Suggestion of Filing Bankruptcy on July 7, 2011 (#26). As a result, an automatic stay of this case has attached to this case under 11 U.S.C. § 362(a)(1), and this matter will be held in abeyance pending lift of the stay.

Accordingly,

**IT IS HEREBY ORDERED** that the automatic stay under 11 U.S.C. § 362(a)(1) has attached as to defendants Raymond and Holly Hubbard. Plaintiff's Motion to Strike and Motion for Default Judgment as to defendants Raymond and Holly Hubbard is thus **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that defendant Carol Hubbard's Motion to Dismiss is **DENIED without prejudice**, and the Clerk may sign, seal, and issue the new summons as to defendant Carol Hubbard.

**IT IS FINALLY ORDERED** that the plaintiff's Motion to Strike defendant Carol Hubbard's Motion to Dismiss is **DENIED as moot.**

Dated this  12th  day of July, 2011.

UNITED STATES DISTRICT JUDGE